**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER DEAN,

        Plaintiff - Appellant,

  v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant - Appellee.

No. 13-35153

D.C. No. 3:11-cv-01283-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted July 10, 2014[**]
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

     Christopher Dean ("Dean") appeals the district court's judgment affirming

the decision of the administrative law judge ("ALJ") denying his application for

disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The ALJ did not err in finding that Dean's impairments did not meet or equal Listing 1.04B. There is no objective medical evidence that Dean's spinal arachnoiditis was "manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours." 20 C.F.R. § 404, Subpart P, Appendix 1, Listing 1.04B. The only evidence of severe burning or painful dysesthesia resulting in the need for changes in position or posture more than once every two hours is Dean's own discredited testimony and the testimony of his wife, to which the ALJ gave little weight. The ALJ's determination is thus supported by substantial evidence. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The ALJ did not err in giving little weight to Dean's wife's testimony. The ALJ properly considered Ms. Dean's testimony, but gave germane reasons that are supported by substantial evidence for disregarding it. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Moreover, we will uphold the ALJ's decision "[w]here evidence is susceptible to more than one rational interpretation." *Orn*, 495 F.3d at 630.

The ALJ's hypothetical question to the vocational expert included all of Dean's medically determinable limitations. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (the ALJ must pose a hypothetical question to the vocational

2

expert that "set[s] out *all* the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights"). Dean contends that the ALJ failed to include in the hypothetical limitations related to Dean's plantar fasciitis, his alleged inability to sit or stand for more than a few minutes at a time, and limitations described by Ms. Dean. The medical evidence does not support Dean's contentions, however, and the ALJ properly rejected Dean's and Ms. Dean's subjective testimonies. Because the hypothetical question "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record," it was proper. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**